Royal Indemnity Company, Respondent, v. Franklin-Kellum Company, Incorporated, and Others, Defendants. Empire Trust Company, as Trustee,

etc., Appellant; CHARLES H. HYDE, Receiver, Respondent.*— Motion for leave
to appeal to the Court of Appeals granted and the following questions certified:
(a) In a case where a foreclosure action is commenced by a second mortgagee
holding a mortgage of $150,000 on an apartment house in the suburbs, appraised
at $650,000 and a receiver of rents is appointed on the application of such second
mortgagee, and later, the first mortgagee, although a defendant in such foreclosure
action brought by the second mortgagee, institutes a separate foreclosure action
on its mortgage of $400,000, claiming as actual defaults thereunder non-payment
of taxes and insurance premiums, and by motion applies for and obtains an
extension of such receivership to its own foreclosure action and mortgage, and
thereby secures application of part of the income collected by the receiver to its
own mortgage, and the receiver so appointed moves for leave to borrow money
on receiver's certificates sufficient to enable him: (1) To repay to the first mort-
gagee insurance premiums that had been advanced by the first mortgagee,
amounting to $1,088; (2) to pay $7,650 to the sinking fund under the first mortgage,
which would be in default unless immediately paid; (3) to pay interest of $11,775
which was about to become due on the first mortgage; and to make such certificates
a lien on the property prior to the first mortgage when it appears that at the time
of the hearing of the application for leave to issue receiver's certificates the first
mortgagee had been served with the summons and complaint as a party defendant
in the foreclosure of the second mortgage, has the court the power to issue receiver's
certificates for such purposes, and has it power to make such certificates a lien
prior to that of the first mortgage?   (b) The certificates having been issued and
sold to a *bona fide* purchaser before any appeal was taken to this court, could the
appeal be entertained without bringing in such purchaser as a party to the appeal,
the point having been duly raised?   Present — Lazansky, P. J., Kapper, Hagarty,
Seeger and Carswell, JJ.